UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM BRANDON SHANLEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 3:15-cv-00579 (VAB) |
| | : |
| GORDON H. SMITH, et al. | : |
| | : |
| Defendants. | : |

## RULING OF DISMISSAL

Plaintiff, William Brandon Shanley, proceeding *pro se*, brings this action against various defendants, alleging that the defendants engaged in a conspiracy to invent and disseminate false news accounts about a fictional December 14, 2012 school shooting in Newtown, Connecticut, as an act of terrorism. He seeks $5,003,000,000,000 in damages. Mr. Shanley moved for leave to proceed *in forma pauperis*, which was granted on July 17, 2015. *See* Doc. No. 9.

"The same statute that authorizes the Court to grant *in forma pauperis* status to a plaintiff also contains a provision that protects against abuses of this privilege." *Fuentes v. Conway*, No. 3:09-mc-97, 2009 U.S. Dist. LEXIS 32763, at *3, 2009 WL 1043905, at *1 (D. Conn. Mar. 27, 2009). Subsection (e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The term 'frivolous' is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact." *Whitnum v. Emons*, No. 3:15-cv-959, 2015 U.S. Dist. LEXIS 111509, at *2, 2015 WL 5010623, at *1 (D. Conn. Aug. 24, 2015) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

1

In reviewing a *pro se* complaint, the Court must construe it liberally, and interpret it "to raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Even so, the complaint must still "include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief." *Shabazz v. Valentine*, No. 3:14-cv-1711, 2014 U.S. Dist. LEXIS 167220, at \*1-2, 2014 WL 6850773, at \*1 (D. Conn. Dec. 3, 2014); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"). A claim has the requisite "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are not sufficient; a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.*

In addition, section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327; *see Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them") (internal quotation marks and citations omitted); *see also id.* at 33 (recognizing that " district courts, who are all too familiar with factually frivolous claims, are in the best position to determine which cases fall into this category") (internal quotation marks and citation omitted).

Plaintiff's complaint alleges that, on December 14, 2012, the United States government staged a "lone gunman drill" at Sandy Hook Elementary School in Newtown, Connecticut, and that the numerous defendants "entered in a multi-year conspiracy" to "brainwash the public into thinking" that this exercise was a real school shooting during which an individual had killed over two dozen individuals before committing suicide. *See* Compl., at 4-5. The complaint also appears to allege that Plaintiff's encounters with the criminal justice system are the result of his investigations into this alleged conspiracy, rather than due to criminal conduct on his part. *See* Compl., at 7-8. The named defendants are members of the media and government officials.

The key allegations underlying all of Plaintiff's purported claims in the complaint are that the Newtown school shooting that occurred in December 2012 never actually happened, and that a vast conspiracy involving virtually every major news source in the state and the nation has effectively perpetrated this hoax upon the world at large. This Court finds that these claims do "not have an arguable basis in law or fact." Furthermore, this defect in the complaint cannot be cured by amendment, and thus leave to amend shall not be permitted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Collins v. Cheney*, No. 07-cv-0725S, 2007 U.S. Dist. LEXIS 89596, at *6, 2007 WL 4300025, at *2 (W.D.N.Y. Dec. 3, 2007) (leave to amend "may be denied where amendment would be futile").

Therefore, the Court **DISMISSES WITH PREJUDICE** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of the Court is directed to close this case.

SO ORDERED at Bridgeport, Connecticut, this 22nd day of December, 2015.

      /s/ Victor A. Bolden
      Victor A. Bolden
      United States District Judge